# IN THE COURT OF APPEALS OF IOWA

No. 25-0754
Filed March 11, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Joshua DeWeerdt,**
Defendant–Appellant.

Appeal from the Iowa District Court for Scott County,
The Honorable Michael Motto, Judge.

**AFFIRMED**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

**SCHUMACHER, Judge.**

Following his conviction for operating while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2(2)(a) (2024), Joshua DeWeerdt appeals, asserting the district court erred in denying his motion to suppress test results of his urine, which showed the presence of opiates, amphetamines, methadone, and fentanyl. We review his constitutional claim de novo. *State v. Harbach*, 3 N.W.3d 209, 217 (Iowa 2024).

A police officer responded to an accident involving DeWeerdt's vehicle and a semi tractor-trailer. The 911 caller reported that DeWeerdt "appeared intoxicated." The semi driver stated that DeWeerdt ran a red light, and DeWeerdt confirmed, "It was more or less my fault." The officer didn't smell alcohol on DeWeerdt but noticed he was pacing and had an unsteady balance. DeWeerdt stated that he hit his head on his steering wheel and he was tired because he had just woken up and he was working "twelves." DeWeerdt also reported he was on methadone but hadn't taken any that day. The officer learned that DeWeerdt's license was suspended. While completing reports in his patrol vehicle, the officer noticed DeWeerdt was swaying and falling asleep while leaning against his truck. Based on these observations, the officer called for help from another officer who was a drug recognition expert (DRE). Upon DeWeerdt's failure performing standardized field sobriety tests (SFSTs), the officers invoked implied consent and requested a urine sample.

The district court concluded,

> The Court finds that the responding officer had reasonable grounds to believe that an offense had been committed, to wit: operating while intoxicated. While the officer ruled out alcohol, that does not rule out all possible substances. The officer was justified in requesting a DRE officer to perform SFSTs for possible intoxication related to drugs other than

alcohol. The Defendant's SFST failure then warranted the invocation of implied consent and a request for a urine sample.

The Court notes that this was not the typical interaction that leads to an OWI, namely, a traffic stop for some unrelated offense that turns in to an OWI investigation. In this instance, the police responded to the scene of an automobile accident, which necessarily carries with it some processing time. Upon arrival, the responding officer noted the Defendant had a suspended license and was not free to drive away anyway. In any event, the responding officer's observations regarding potential intoxicated driving would have permitted the expansion of the traffic stop as the officer made those observations almost immediately upon interacting with the Defendant.

Upon our review of the record, we affirm the district court's denial of the motion to suppress and affirm DeWeerdt's conviction without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**